UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALI MOHAMMAD SADEGHI,<br><br>               Plaintiff,<br><br>         v.<br><br>UNITED STATES DEPARTMENT OF STATE, *et al.*,<br><br>               Defendants. | Case No. 1:24-cv-00449 (TNM) |

**MEMORANDUM OPINION**

Ali Mohammad Sadeghi is an Iranian citizen who wishes to come here. So he applied for a tourist visa. But he says that two years have passed without a final decision on his application. He thus sues the U.S. State Department and the Secretary of State, demanding a final decision. Because he has already gotten one, the Court will dismiss this case.

**I.**

Ali Mohammad Sadeghi is an Iranian citizen whose wife and family live here. Compl. ¶ 8, ECF No. 1. Hoping to visit them, Sadeghi applied for a B1/B2 Business & Tourism Nonimmigrant Visa in June 2022 and sat for an interview. *Id*. ¶¶ 8–10. Within a day of that interview, Sadeghi was told "[y]our visa has been denied under Section 221(g) of the U.S. Immigration and Nationality Act." Ex. D, ECF No. 1-6; Compl. ¶¶ 10–12. The application then went into "administrative processing," which State told him "can take days to months." Ex. D. In August 2023, a year after his application went into administrative processing, he got an update that it had been refused. Again. Ex. H, ECF No. 1-6 ("Case Last Updated: 08-Aug-2023 . . . A U.S. consular officer has adjudicated and refused your visa application."). Unsatisfied, Sadeghi sued the State Department and the Secretary of State, arguing that they have unreasonably

delayed a final decision on his application.[1] *See* Compl. He thus asks the Court to order them to render a decision—any decision—on his application. *Id.* ¶¶ 28, 37, 43. State moved to dismiss. Mot., ECF No. 8.

## II.

State has moved to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6).[2] The Court therefore applies the well-worn standards under that rule. A Complaint survives a 12(b)(6) motion only if it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). To do so, its factual allegations must give rise to "the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The Court need not "assume the truth of legal conclusions." *Raoof v. Sullivan*, 315 F. Supp. 3d 34, 40 (D.D.C. 2018).

## III.

Sadeghi's claims fail three times over. State has issued a final refusal of his application, meaning that this suit is barred by the doctrine of consular nonreviewability *and* that there is no remaining nondiscretionary duty for the Court to compel. And on the merits, any delay in deciding Sadeghi's application was not unreasonable.

---

[1] The Secretary cannot give Sadeghi the relief he seeks so the Secretary must be dismissed from this case. *See Yaghoubnezhad v. Stufft*, --- F. Supp. 3d ---, 2024 WL 2077551, at *5 (D.D.C. 2024). But State does not suggest that Sadeghi lacks standing as to it, and the Circuit has previously suggested mandamus actions are appropriate against an agency. *See Khoshnevisan v. U.S. Dep't of State*, 1:23-cv-03580 (TNM), 2024 WL 3010848, *1 n.1 (D.D.C. June 14, 2024) (citing *In re Ctr. for Bio. Div.*, 53 F.4th 665, 670 (D.C. Cir. 2022)). So the case will not be dismissed on standing grounds.

[2] State also moves to dismiss under Rule 12(b)(1), arguing that the consular nonreviewability doctrine deprives this Court of subject matter jurisdiction. Mot. at 11. The Supreme Court has since clarified that consular nonreviewability is nonjurisdictional. *U.S. Dep't of State v. Muñoz*, --- U.S. ---, 2024 WL 3074425, *5 n.4 (2024). So State's 12(b)(1) challenge falls away.

First, consular nonreviewability bars Sadeghi's suit. "For more than a century, [the Supreme] Court has recognized that the admission and exclusion of foreign nationals is a fundamental sovereign attribute exercised by the Government's political departments largely immune from judicial control." *U.S. Dep't of State v. Muñoz*, --- U.S. ---, 2024 WL 3074425, *5 (2024) (cleaned up). Once a consular officer has rendered a visa decision, "[t]he Judicial Branch has no role to play unless expressly authorized by law." *Id*. (cleaned up). "The Immigration and Nationality Act . . . does not authorize judicial review of a consular officer's denial of a visa; thus, as a rule, federal courts cannot review those decisions." *Id*. "This principle is known as the doctrine of consular nonreviewability." *Id*. "And that bar on judicial review applies both to the substance of a consular officer's visa determination as well as the decision to place a visa application into post-refusal administrative processing for discretionary re-adjudication." *Sedaghatdoust v. Blinken*, --- F. Supp. 3d ---, 2024 WL 2383228, *2 (D.D.C. 2024) (cleaned up).

Sadeghi's application was refused, placed into administrative processing, and refused again. Ex. D; Ex. H. That starts and ends this case. The Court cannot pull back the curtain and inquire into State's reasons for denying his application. *Muñoz*, 2024 WL 3074425, at *5. And even if State retains discretion to walk back its refusal and grant his application, the Court has no authority to compel that kind of discretionary re-adjudication. *Yaghoubnezhad v. Stufft*, --- F. Supp. 3d ---, 2024 WL 2077551, *11–12 (D.D.C. 2024). That alone ends this suit—the Court cannot give Sadeghi what he wants.

And the facts of this case illustrate why. Sadeghi's application was adjudicated and refused once. Ex. D. State, in its discretion, reconsidered the matter and denied it again. Ex. H. So Sadeghi has gotten discretionary readjudication of the visa decision. What he actually wants (and what the Court cannot give) is an order that State continue to reconsider his application until

it comes to the "right decision." That is, until it grants the application. It is for this exact reason that consular nonreviewability does not allow Courts to meddle in State's processes for discretionary readjudication of visa applications. *Yaghoubnezhad*, 2024 WL 2077551, at *11.

But that is not the end of the matter. Even without consular nonreviewability, Sadeghi's claims would fail. He seeks a writ of mandamus or relief under 5 U.S.C. § 706. *See* Compl. ¶¶ 26–43. To be entitled to either, he must point to an unfulfilled nondiscretionary duty State owes him. *Sedaghatdoust*, 2024 WL 2383228, at *3. But the only duty State has is the "duty to grant or refuse a visa." *Id*. And State has performed that duty by twice refusing Sadeghi's application. Ex. D; Ex. H. It has thus discharged the only duty that it owes him, and mandamus will not lie against it. *Sedaghatdoust*, 2024 WL 2383228, at *3.

Last, even if Sadeghi's application were still pending, his unreasonable delay claim would fail on the merits. To determine whether an agency's delay is unreasonable, the Court looks to what are known as the "*TRAC* factors." *See Telecommunications Rsch. & Action Ctr. v. FCC* ("*TRAC*"), 750 F.2d 70 (D.C. Cir. 1984). Those factors are (1) the time agencies take to make decisions must be governed by a rule of reason; (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the Court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the Court should also take into account the nature and extent of the interests prejudiced by delay; and (6) the Court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed. *Id.* at 80.

Applying these factors, courts in this district have routinely found delays of "between three to five years" reasonable, while delays "in excess of five, six, seven years are unreasonable." *Sawahreh v. U.S. Dep't of State*, 630 F. Supp. 3d 155, 162 (D.D.C. 2022) (cleaned up); *accord Yaghoubnezhad*, 2024 WL 2077551, at *12. Here, a factor-by-factor analysis reveals the same.

The first two factors "strongly favor State." *Yaghoubnezhad*, 2024 WL 2077551, at *12. The parties agree that State's visa decisions are not governed by a rule of reason. Mot. at 30; Opp'n to MTD at 21, ECF No. 9. And the delay here "falls well below" the five-year threshold when delays become unreasonable. *Yaghoubnezhad*, 2024 WL 2077551, at *12; *see also Dastagir v. Blinken*, 557 F. Supp. 3d 160, 165 (D.D.C. 2021) (describing a five-year delay as stretching but "not exceed[ing] the boundaries of reasonableness under the case law in this district").

Next, the third and fifth factors. These concern the nature and extent of the injury stemming from the delay. *TRAC*, 750 F.2d at 80. The Court takes Sadeghi's argument that the delay in adjudicating his visa has caused him stress by separating him from his family. Compl. ¶ 16. And that injury is one to "human health and welfare," rather than mere economic interests. *TRAC*, 750 F.2d at 80. But even assuming he has no other options to rendezvous with his family, these two factors lean only slightly in his favor. *Accord Palakuru v. Renaud*, 521 F. Supp. 3d 46, 53 (D.D.C. 2021).

Now, the fourth factor. This factor strongly disfavors Sadeghi. Ordering State to prioritize his application would place him "at the head of the queue" and "move all others back one space," "produc[ing] no net gain." *Mashpee Wampanoag Tribal Council, Inc. v. Norton*, 336 F.3d 1094, 1100 (D.C. Cir. 2003) (cleaned up). This kind of "line jumping" is

presumptively disfavored, and courts will ordinarily not facilitate it by granting individual relief in unreasonable delay cases. *Da Costa v. Immigr. Inv. Program Off.*, 80 F.4th 330, 343 (D.C. Cir. 2023).

Last, the sixth factor. There is no allegation of bad faith here, so this factor cuts neither way. In sum, then, the *TRAC* factors overwhelmingly support State, and Sadeghi has thus failed to state a claim on the merits of his unreasonable delay challenge. *See Yaghoubnezhad*, 2024 WL 2077551, at *13.

## IV.

The Government's political branches have found Sadeghi inadmissible to this country. So at this point, "[t]he Judicial Branch has no role to play." *Muñoz*, 2024 WL 3074425, at *5. The Court will therefore grant State's motion to dismiss. A separate Order will issue today.

Dated: July 9, 2024                                              TREVOR N. McFADDEN, U.S.D.J.